[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
Plaintiff board of mediation and arbitration appeals a decision of the defendant freedom of information commission ordering the release of certain records to the defendants George Brey and AFSCME Local 1565. The commission acted pursuant to General Statutes § 1-19(a). The plaintiff appeals pursuant to § 4-183.
Defendants Brey and Local 1565 requested the board to provide certain information from its records relating to arbitration and grievances involving the state department of corrections NP-4 bargaining units, Locals 387, 391 and 1565. The board refused, citing General Statutes § 31-100. Following a hearing, the commission rendered a final decision in which it ordered the board to comply with the defendants' request. At issue in this appeal is the commission's order to release to Brey and Local 1565 the name of each grievant and his or her local in pending arbitration cases brought to the board by Locals 387, 391 and 1565.
The board raises two issues as the bases of its appeal: (1) that the records in question are confidential under the provisions of General Statutes § 31-100; and (2) that the records in question are exempt from disclosure pursuant to General Statutes § 1-19(b)(9).
With respect to the claimed exemption under § 1-19(b)(9), the court holds that the names of the grievants and their locals do not constitute "records, reports (or) statements of strategy or negotiations with respect to collective bargaining." The exemption CT Page 10451 in that statute does not apply to those records, therefore, and the plaintiff board may not prevail on that basis. Bloomfield Education Association v. Frahm,35 Conn. App. 384 (1994).
General Statutes § 31-100, however, provides a different basis for exempting records of the board of mediation and arbitration from disclosure under the freedom of information statutes. Section 31-100
provides in relevant part as follows:
 The board shall hold confidential all information submitted to it by any party to a labor dispute and shall not reveal such information unless specifically authorized to do so by such party.
In its final decision, the commission does not dispute that § 31-100 applies to the records sought by Brey and Local 1565, nor does it dispute that that statute creates an exception to the duty of a public agency to disclose its records. Rather, the commission found as a fact that Brey represented the "party" that submitted the information to the board and is, therefore, empowered to authorize its release. The plaintiff board vigorously contests that factual finding.
The commission heard evidence concerning the relevant "party to a labor dispute" from Richard Howard, Chief Steward of Local 1565, defendant Brey, and Catherine Serino, the director of the plaintiff board. Serino testified that AFSCME Council 4 submitted the information concerning grievances arising in the various locals to the board. This information included, of course, the names of the grievants. In the past, the person representing the council in this capacity had been Ed Mackey. Howard and Brey testified, however, that in this instance Brey was acting with authority of "the union" in requesting the information in question. In particular, Howard differentiated between "the union" and Local 1565 and testified that Brey had the authority not only of the local but also of the larger organization. There was no evidence that conflicted with this testimony. In its proposed and final CT Page 10452 decisions, the commission clearly indicated that it believed this testimony and inferred that Brey had the requisite authority to represent the council and the local in requesting the information from the board.
A basic principle of administrative law is that the scope of the court's review of an agency's decision is very limited. General Statutes § 4-183(f) provides that "(t)he court shall not substitute its judgment for that of the agency as to the weight of the evidence on questions of fact." The court must affirm the decision of the agency unless it finds that the decision was "clearly erroneous in view of the reliable, probative, and substantial evidence on the whole record." Id. This means that "[i]f the administrative record provides substantial evidence upon which the hearing officer could reasonably have based his finding . . . the decision must be upheld." Conn. Building Wrecking Co.v. Carrothers, 218 Conn. 580, 601 (1991).
In the present case, the uncontradicted evidence summarized above was sufficient to support the commission's finding of fact with respect to Brey's status when he requested the information in question. That finding was the explicit basis of the commission's conclusion that the disclosure of the information was authorized by § 31-100, not prohibited by that statute. "Judicial review of conclusions of law reached administratively is also limited. The court's ultimate duty is only to decide whether, in light of the evidence, the agency has acted unreasonably, arbitrarily, illegally, or in abuse of its discretion."Conn. Light Power Co. v. Dept. of Public UtilityControl, 219 Conn. 51, 57 — 58 (1991). The court cannot make any such determination in this case for the reasons above stated.
One somewhat puzzling aspect of the case remains to be addressed. At the meeting of the commission that was held to hear responses to the proposed decision in this case, two members of the commission indicated their opinion that the board was required by the freedom of information statutes to release the information to any member of the public, the implication being that the provisions of § 31-100 do CT Page 10453 not apply. The final decision that the commission adopted at that meeting, however, does not go that far. The decision merely holds that the complainant and defendant on appeal, Brey, was representing a party to the labor dispute and, in that capacity, was entitled to have the records. The court's decision on this appeal is limited to that issue.
The appeal is dismissed.
MALONEY, J.