[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM FILED JANUARY 9, 1995
The plaintiff in this appeal is the State of Connecticut Board of Mediation and Arbitration (SBMA). The defendants named in the citation are the Freedom of Information Commission of the State of Connecticut (FOIC); M. Jeffrey Spahr, Deputy Corporation Counsel for the City of Norwalk (Spahr); the Connecticut State Board of Labor Relations (SBLR); and Council 4, AFSME, AFL-CIO (Council 4).
Plaintiff SBMA appeals from the defendant FOIC's Advisory Opinion/Declaratory Ruling #81 (Advisory Opinion #81), dated February 26, 1991, issued at the request of the defendant Spahr and which overruled the SBMA's policy of prohibiting parties to an SBMA arbitration proceeding from tape-recording the proceeding. Also named as defendants are the SBLR and Council 4, both granted intervenor status at the FOIC's Hearing on the Matter of Request for Advisory Opinion #81 pursuant to General Statutes § 4-176(d).
The FOIC is authorized to issue declaratory rulings and advisory opinions after conducting a hearing pursuant to General Statutes § 4-176. Plaintiff SBMA appeals from the FOIC's Advisory Opinion #81 pursuant to General Statutes §§ 4-176(h), 4-183, and 1-21i(d).
The issue dispositive of this appeal is whether a party to a State Labor Mediation and Arbitration Board hearing has the right under General Statutes § 1-21a(a) to tape-record the proceedings. Subsumed in this question are several sub issues: whether an arbitration hearing constitutes a public meeting and if not whether SBMA regulation § 31-91-30 prohibiting the use of a tape recorder is valid.
The FOIC's Final Decision of Advisory Opinion #81 was mailed to the parties on February 26, 1992. The SBMA's appeal was filed with the court on March 31, 1992. Although some confusion understandably arose CT Page 924 as to appearances and briefs filed because of a companion case (Connecticut State Board of Labor Relations,et al v. Freedom of Information Commission, etal) raising the same issues, this court is satisfied that all of the parties have jurisdictionally submitted and agreed to waive any procedural defects.
On June 9, 1992 the FOIC filed an answer and a Return of Record (ROR). On September 9, 1992, Council 4 filed an answer. On October 2, 1992 the SBMA and SBLR each filed a memorandum in support of the appeal, and, on October 27, 1992, the FOIC filed a memorandum in opposition to the appeal.
The advisory opinion at issue in this case resulted from the following facts. Defendant Spahr attended, on behalf of the City of Norwalk, a SBMA arbitration hearing between the City and an employee of the town. (ROR #4.) Spahr's attempt to tape record the proceedings were aborted by the SBMA panel chairperson citing to Board Regulation § 31-91-30. (ROR #4.) Spahr was allowed however to record the proceedings by a privately hired amanuensis.
Subsequent to the hearing, Spahr filed a Request for Advisory Opinion/Declaratory Ruling, dated January 29, 1991, with the FOIC, regarding the applicability of the Freedom of Information Act (FOIA), General Statute § 1-21(a), to the SBMA's policy of prohibiting the tape-recording of arbitration proceedings. (ROR #1.) On February 13, 1991, the FOIC voted to grant Spahr's request for an advisory opinion, and a notice of the FOIC's decision to grant the request was mailed to Spahr and the SBMA. (ROR #3.) The SBMA requested a hearing. (ROR #5.) On July 29, 1991, the SBLR filed a Notice of Intent to Intervene as an interested party in the proceeding. (ROR #8.) Spahr, the SBMA and SBLR filed appearances with the FOIC. (ROR ##9-11.) The hearing regarding Advisory Opinion #81 was held on July 30, 1991, at which all parties presented arguments and testimony. (ROR #13.) On November 29, 1991, the FOIC issued a proposed advisory opinion and a final hearing was scheduled for December 11, 1991. (ROR #15.) Council 4 filed a motion for continuance on December 11, 1991, to CT Page 925 allow it to file a memorandum in opposition. (ROR #15.) Council 4 moved to intervene, pursuant to General Statutes § 4-176(d) on December 22, 1991. A final hearing was conducted on February 19, 1992.
The final decision of Advisory Opinion #81 was mailed to the parties on February 26, 1992. (SBMA Complaint, para. 12, FOIC Answer, para. 1.) The SBLR was granted party status in the proceeding. (Complaint, para. 9; FOIC Answer, para. 4.) Advisory Opinion #81 concluded that the SBMA's "policies prohibiting the tape-recording of its arbitration hearings violate, and are superseded by the provisions of the FOI Act." (ROR #20, Advisory Opinion #81, p. 5.) The Opinion is limited to whether a party to an SBMA arbitration hearing has a statutory right to tape record the proceedings.
The FOIC concluded that the SBMA was a public agency as defined under General Statutes § 1-18a(a) because it was an executive or administrative board of the State. (ROR #20, p. 2.) The FOIC further concluded that SBMA arbitration hearings are "meetings" as defined by General Statutes § 1-18a(b) because "hearings of public agencies by definition are considered meetings." (ROR #20, p. 2.) Because General Statutes § 1-21a permits public meetings to be tape-recorded, the FOIC, based on its concluded premises, quite logically decreed that Spahr or any person in attendance at an arbitration hearing was statutorily empowered to tape record the proceedings.
The FOIC, rejecting the statutory authority submitted by the SBMA and SBLR, concluded that SBMA arbitration hearings were not exempt from the FOIC'S scope. (Opinion #81, p. 3.) Specifically the FOIC held that arbitration hearings were "neither strategy nor negotiation sessions with respect to collective bargaining." Under General Statutes § 1-18a(b) strategy and negotiation sessions related to collective bargaining are excepted from the definition of "public meeting." Further, the FOIC disavowed the application and relevancy of General Statutes § 31-100 to exempt arbitration hearings from the requirements of a public meeting. (Opinion #81, p. 3.) A showing of aggrievement CT Page 926 is necessary to establish the court's jurisdiction.Rose v. FOIC, 221 Conn. 217, 229-39,602 A.2d 1019 (1992). The determination of aggrievement encompasses a two-fold test: first, the party claiming aggrievement must successfully demonstrate a specific and legal interest in the subject matter of the FOIC decision, and second, the party must establish that this interest has been specifically and injuriously affected by the FOIC decision. Rose v.FOIC, supra, 230; Kelly v. FOIC, 221 Conn. 300, 308,603 A.2d 1131 (1992). "Aggrievement is established if there is some possibility, as distinguished from a certainty, that some legally protected interest . . . has been adversely affected." (Citations omitted; internal quotation marks omitted.) Rose v. FOIC,supra, 230. A state agency is aggrieved by a ruling which questions the validity of its administrative procedures. Milford v. Local 1566, 200 Conn. 91,95-96, 510 A.2d 177 (1986). The SBMA is empowered to resolve labor disputes; see General Statutes § 31-93 et seq.; and has established various policies and procedures in order to fulfill that statutory duty. FOIC Advisory Opinion #81 contests the legality of those policies. It is found that the SBMA is aggrieved.
General Statutes § 1-21i(d) provides that "the [FOIC] Commission shall have standing to defend, prosecute or otherwise participate in any appeal of any of its decisions." (Emphasis added.) General Statutes 4-176(h) provides that "[a] declaratory ruling . . . shall be a final decision for the purposes of appeal in accordance with the provisions of section 4-183." The FOIC has standing to defend this appeal pursuant to General Statutes § 1-21i(d).
This court finds that the appeal was timely filed pursuant to General Statutes §§ 4-183, 4-176(h), and that all administrative remedies have been exhausted.
The Uniform Administrative Procedures Act, General Statutes §§ 4-183 (UAPA), governs the judicial review of an administrative agency's action and the scope of that review is limited. Ottochian v. FOIC, 221 Conn. 393,397, 604 A.2d 351 (1992). The court may not substitute its judgment for that of the agency, but CT Page 927 may only determine whether, in light of the evidence in the record, the agency's action was unreasonable, arbitrary, illegal or an abuse of its discretion. Id.;
General Statutes § 4-183(j).
Judicial review of the agency's conclusions of law is also limited. New Haven v. FOIC, 205 Conn. 767,774, 535 A.2d 1297 (1988). "Conclusions of law reached by the administrative agency must stand if the court determines that they resulted from a correct application of the law to the facts found and could reasonably and logically follow from such facts." (Internal quotation marks omitted.) Ottochian v. FOIC,supra, 397. The construction and interpretation of a statute is a question of law for the courts where an administrative decision at issue is not entitled to special deference, for example, where the statute has not been subject to judicial scrutiny or time-tested agency interpretations. New Haven v. FOIC, 205 Conn. 767,773-75, 535 A.2d 1297 (1988). A decision by the FOIC should be sustained where one of the reasons given by the FOIC is sufficient to support the decision.Id., 778.
The general rule of the FOIA favors disclosure, and any exception to this general rule is narrowly construed in light of the "general policy of openness expressed in the FOIA legislation." (Citations omitted.)Ottochian v. FOIC, supra, 398. "The burden of proving the applicability of an exception to the FOIA rests upon the party claiming it." Rose v. FOIC, 221 Conn. 232,602 A.2d 1019 (1992).
SBMA's appeal charges that the FOIC Advisory Opinion #81 is in violation of General Statutes §§ 1-18a(a),1-18a(b), 1-18a(e)(5), 1-19(b)(9), 1-19(b)(10),1-21, 1-21a and 31-100. The SBMA alleges that the FOIC's decision is in "excess of statutory authority; affected by other error of law; clearly erroneous in view of reliable, probative, and substantial evidence on the whole record; and/or arbitrary or capricious or characterized by abuse of discretion or clearly unwarranted exercise of discretion."
The SBMA charges that arbitration hearings are not CT Page 928 public meetings within the purview of General Statutes § 1-21a(a). The SBLR contends that General Statutes § 1-18a(b) excludes from the definition of public meetings, strategy and negotiation sessions with respect to collective bargaining. Both state boards argue that a party's conduct during an arbitration hearing constitutes strategy with respect to collective bargaining.
The plaintiffs correctly charge that the legislative history of public meetings unequivocally excepts collective bargaining hearings from the FOIA's right to know provisions. 18 H.R. Proc. Pt. 8, 1975 Sess., pp. 3896, 3917, May 16, 1975. They further contend that General Statutes § 31-100 exempts board arbitration hearings from the requirements of the FOIA because § 31-100 requires the SBMA to hold confidential all information submitted to it by a party to a labor dispute.
The SBMA and SBLR contend that arbitration hearings are not public meetings and therefore testimonial evidence is not subject to the recording provisions of General Statutes § 1-21a(a). The FOIC asserts the converse: that arbitration hearings are public meetings and accordingly testimonial evidence is tape recordable pursuant to General Statutes § 1-21a(a).
The FOIC maintains that General Statutes § 1-18a(b), which exempts "strategy and negotiations with respect to collective bargaining" from the definition of public meeting, does not exempt SBMA arbitration proceedings from the tape-recording requirements of General Statutes § 1-21a(a). The FOIC contends that arbitration hearing are not negotiations or strategy, and that a hearing cannot be construed as strategy. The FOIC maintains that the SBLR and SBMA would "have the court read this provision as if the words `strategy and negotiations with respect to [. . .]' were non-existent and as if all collective bargaining was exempt from the act." (FOIC Memorandum, p. 11.) The FOIC's contention that Lieberman v. SBLR, 216 Conn. 253,262 (1990), rejects the SBMA and SBLR's construction of § 51-18a(b) and 1-19(b)(9) is misplaced. InLieberman, id., the Supreme Court narrowly held that an employee's personnel file does not constitute a CT Page 929 record of strategy or negotiations. The court did not declare that collective bargaining hearings come within the purview of the FOIA.
The issue at bar is not whether an SBMA arbitration hearing is a public meeting, but whether a party participating in an arbitration hearing has the right to tape record the hearing[.]
Understandably to justify its holdings in Opinion #81, the FOIC was obliged to conclude that arbitration hearings are public meetings and therefore subject to being tape recorded. Unless arbitration hearings are public meetings, the FOIC's Opinion #81 allowing for tape recording by a party, per § 1-21a(a), supra, would have required a closer scrutiny and analysis of Regulation31-91-30, permitting the use of a private reporting service at an arbitration hearing.
This court concludes that arbitration hearings are not meetings within the purview of § 1-18a(b), supra.
Although this court applauds the full and unqualified disclosure of public business, nevertheless it is not a doctrinal court and must, of necessity, apply both the statutory and appellate law to the facts on appeal.
The current appellate law is that arbitration hearings are not meetings within the meaning of § 1-18a(b),supra, and that arbitration hearings are "continued negotiations" and therefore not subject to the FOIA.Glastonbury Education Assn. v. Freedom of InformationCommission, 35 Conn. App. 111, 119 (1994).
In a prior decision, Radford v. Trumbull, F.I.C. 79-246, (1980), the FOIC held that the FOIA did not apply to arbitration hearings. In New Haven PoliceLocal 530 et al v. Connecticut Board of Mediation andArbitration et al, F.I.C. 83-117, the FOIC concluded that the SBMA was exempt from disclosure under the FOI Act by reason of General Statutes § 31-100.
The reliance by the FOIC on Bloomfield EducationAssociation v. Robert A. Frahm et al, 35 Conn. App. 384
(1994), is additionally misplaced. Frahm held that the trial court properly upheld the FOIC's determination CT Page 930 that a teacher grievance is not exempted from disclosure by the provision of the Freedom of Information Act, § 1-19(b)(9), applicable to a record, report or statement of strategy or negotiations with respect to collective bargaining. "[T]he mere filing of a grievance, standing alone, and containing limited information does not reveal any strategy or negotiations involved in the collective bargaining process. Section 1-19(b)(9) does not exempt every record pertaining to collective bargaining from disclosure, only those that reveal strategy or negotiations." Id., p. 388.
The FOIC's attempt to bootstrap the disclosure per se of a teacher's grievance to an evisceration of the § 1-19(b)(9) exemption is unwarranted and accordingly rejected.
The issue for defendant Spahr is not whether the meeting was public or exempt. Spahr is a party to these proceedings, attended every meeting, and as entitled, had access to all matters presented in these hearings.
Nor was Spahr denied the right to record these proceedings. Upon being denied the right to tape record the arbitration proceedings, Spahr complying with SBMA's policy on recording, hired a private stenographer to record these proceedings.
Nor is the issue raised on appeal dependent upon General Statutes § 31-100. Section 31-100 requires the SBMA to hold confidential all information submitted to it by any party to a labor dispute . . . unless specifically authorized to do so by such party. The disclosure of confidential information by the SBMA is not an issue in this appeal.
The rules and regulations of the SBMA regarding the recording and taping of arbitration hearings are set forth in § 31-91-30 of the State Regulations. § 31-90-30 provides in relevant part as follows:
 The Board does not provide a stenographic service during arbitration hearings. If either or both parties feel it is necessary to have their respective arbitration CT Page 931 hearings recorded, they should make the necessary arrangements with a private reporting service at their own expense. Whenever a transcript is ordered by a party, three copies should be sent to the Board.
(ROR #4, p. 1.)
The arguments that this regulation (§ 31-90-30) is not statutorily predicated is rejected. The scope of statutory delegation to the SBMA and the SBLR to supervise and manage labor disputes, both public and private, is sufficiently broad to empower the two Boards to enact rules governing the management and recording of their hearings.
This court cannot conclude that the requirement of a stenographic service in lieu of all other recording devices is so unreasonable, unwarranted and in derogation of a party's statutory rights that it should be declared illegal.
The proper management of a hearing includes rules and procedures by which parties can record the evidence. The FOIC's contention that tape recordings are less costly is neither proven nor persuasive. A plethora of valid reasons may exist to vindicate the Board's requirement of a stenographic service. Firstly, stenographic recording is quiet and orderly; secondly, the record is being compiled by a certified competent reporter unlikely to impair its integrity; thirdly, certified copies can be made readily available without concern for tampering or mistakes; lastly, a transcript duly certified is less likely than a recorded taping to raise errors in the transcription of the record. The use of a taping device would require the Board's custody of the tape, provisions for its preservation and a capacity to be properly heard and understood.
This court can find no objection in the requirement that a party to an arbitration hearing, desiring a record of the hearing, retain his own private stenographic service. CT Page 932
This court finds that the FOIC acted improperly in declaring in its Opinion #81 that arbitration hearings are public meetings in violation of § 1-18a(b); that arbitration hearings are neither strategy nor negotiation sessions, in violation of § 1-18a(b); and that arbitration hearings may be tape recorded in violation of § 1-21a(a).
Accordingly, FOIC Opinion No. 81 is hereby ordered set aside, vacated and rescinded. The appeal is sustained.