## Police Department of the Town of Windsor Locks *v.* State Board of Labor Relations et al.
### (14569)

Peters, C. J., Callahan, Berdon, Norcott and Katz, Js.

Argued December 3, 1992—decision released April 6, 1993

*E. Stephen Briggs,* for the appellant (named defendant).

*Stephanie E. Lane,* with whom were *Ralph Dupont* and, on the brief, *Robert B. Mitchell* and *Steven J. Sibner,* for the appellee (plaintiff).

BERDON, J. The sole issue on appeal is whether a part-time municipal employee qualified, for purposes of collective bargaining rights, as an employee under General Statutes § 7-467 (2) and (3) of the Municipal Employee Relations Act (MERA).[1] The employee in question was employed throughout 1986 and for seven months in 1987, but did not work 120 or more days during each calendar year and did not always work more than twenty hours per week.

The following facts are undisputed. On November 24, 1987, the defendant Michael S. Bracken, Jr., who was employed by the plaintiff, the police department of the town of Windsor Locks (police department), as a supernumerary police officer, filed a complaint with the defendant state board of labor relations (board), alleging that the police department had engaged in practices prohibited by MERA when it terminated his employment because of his participation in union activities and refused to consider him for either of two full-time positions.

During a hearing before the board, the police department argued that the board lacked jurisdiction over the case because Bracken was a seasonal employee rather than an employee covered by MERA. The board determined that Bracken had worked "regularly, on a year-round basis for periods of time frequently in excess of [twenty] hours per week," and therefore concluded that he was an employee as defined by § 7-467 (2) and (3).[2]

---

[1] General Statutes § 7-467 et seq. General Statutes § 7-468 (a) provides: "RIGHTS OF EMPLOYEES AND REPRESENTATIVES. (a) Employees shall have, and shall be protected in the exercise of, the right of self-organization, to form, join or assist any employee organization, to bargain collectively through representatives of their own choosing on questions of wages, hours and other conditions of employment and to engage in other concerted activities for the purpose of collective bargaining or other mutual aid or protection, free from actual interference, restraint or coercion."

[2] After the board determined that Bracken qualified as an employee under General Statutes § 7-467 (2) and (3), it reached the merits of Bracken's claim

The police department appealed the board's decision to the Superior Court pursuant to General Statutes § 4-183.[3] Finding that Bracken had worked only 105 days in 1986 and ninety-two days in 1987, and that he had often worked fewer than twenty hours per week,[4] the trial court concluded that Bracken did not meet the definition of employee in § 7-467 (2) and (3) because he was "a part-time employee who worked less than twenty hours per week on a seasonal basis." Accordingly, the trial court reversed the board's decision and ordered that Bracken's complaint be dismissed for lack of MERA jurisdiction.[5]

Although it miscalculated the number of weeks in which Bracken worked twenty or more hours, the board maintains on appeal that its factual error does not undermine its original decision because the central issue in this case is whether Bracken worked for a period of more than 120 days per calendar year and therefore was not a seasonal employee. All of the parties now

and entered an order directing the police department to "cease and desist from discriminating against Michael Bracken because of his union activities" and ordering it to reinstate Bracken as a supernumerary police officer. That order was not challenged before the trial court and is not challenged on appeal.

[3] General Statutes § 4-183 provides that "[a] person who has exhausted all administrative remedies available within the agency and who is aggrieved by a final decision" may appeal to the Superior Court.

[4] In its decision, the board concluded that Bracken had worked twenty or more hours per week for twenty-six weeks in 1986 and seventeen weeks in 1987. On appeal, the board admits that it erroneously concluded that Bracken had worked twenty or more hours per week for twenty-six weeks in 1986, instead of seventeen weeks as indicated by the police department and determined by the trial court. The board maintains, and the police department does not dispute, that Bracken worked twenty or more hours per week for seventeen weeks in 1987 as well. They also agree that Bracken worked 105 calendar days in 1986 and ninety-two calendar days in 1987.

[5] The board appealed from the judgment of the trial court to the Appellate Court, and we transferred the appeal to this court pursuant to Practice Book § 4023 and General Statutes § 51-199 (c).

agree with the trial court's calculation that Bracken worked 105 days in 1986 and ninety-two calendar days in 1987.

Our review of an agency's decision on questions of law is limited by the traditional deference that we have accorded to that agency's interpretation of the acts it is charged with enforcing. *Board of Education* v. *State Board of Labor Relations,* 217 Conn. 110, 119–20, 584 A.2d 1172 (1991); *Lieberman* v. *State Board of Labor Relations,* 216 Conn. 253, 263, 579 A.2d 505 (1990); *Griffin Hospital* v. *Commission on Hospitals & Health Care,* 200 Conn. 489, 496, 512 A.2d 199, appeal dismissed, 479 U.S. 1023, 107 S. Ct. 781, 93 L. Ed. 2d 819 (1986). In this case, General Statutes § 7-471 (2), which defines the powers of the state board of labor relations, authorizes the board to "determine whether a position is covered by sections 7-467 to 7-477, inclusive, in the event of a dispute between the municipal employer and an employee organization." Our duty is "to decide whether, in light of the evidence, the [agency charged with enforcement] has acted unreasonably, arbitrarily, illegally, or in abuse of its discretion." *Griffin Hospital* v. *Commission on Hospitals & Health Care,* supra.

On appeal, the police department argues that the trial court properly held that Bracken was excluded from the definition of "employee" under MERA because (1) Bracken had worked fewer than 120 days per calendar year in both 1986 and 1987 and was therefore a seasonal employee; and (2) Bracken had often worked fewer than twenty hours per week in 1986 and 1987. We conclude that Bracken was improperly excluded from MERA's coverage because he was not a seasonal employee, having worked on a continuous basis throughout the calendar year in 1986 and during seven months in 1987.

We begin our analysis by turning to the language of § 7-467 (2) and (3). Section 7-467 (2) provides in relevant part: " 'Employee' means any employee of a municipal employer . . . except . . . part-time employees who work less than twenty hours per week on a seasonal basis . . . ." Under § 7-467 (3), " '[s]easonal basis' means working for a period of not more than one hundred twenty calendar days in any calendar year." Incorporating the definition of seasonal basis, § 7-467 (2) provides that only those part-time employees who work fewer than twenty hours per week for a period of fewer than 120 days per calendar year are excluded from MERA.

The plain language of the statute compels the following analysis for determining whether an individual meets MERA's statutory definition of employee.[6] First, we determine whether the individual is employed on a seasonal basis. If we determine that an individual is not a seasonal employee, then the individual is covered by MERA. Coverage is required because MERA excludes only those employees who work less than twenty hours per week *for a period of fewer than 120 days per calendar year*. Accordingly, one who is employed for a period of more than 120 days per calendar year is covered by MERA regardless of the number of hours worked per week. Only if the employee is seasonal do we need to go further in our analysis by asking whether the employee works fewer than twenty hours per week. Under the second part of our analy-

---

[6] "In the construction of the statutes, words and phrases shall be construed according to the commonly approved usage of the language; and technical words and phrases, and such as have acquired a peculiar and appropriate meaning in the law, shall be construed and understood accordingly. General Statutes § 1-1 (a). Where a statute does not define a term, it is appropriate to look to the common understanding expressed in the law and in dictionaries." (Internal quotation marks omitted.) *Southington* v. *State Board of Labor Relations*, 210 Conn. 549, 561, 556 A.2d 166 (1989).

sis, a seasonal employee who works fewer than twenty hours per week is not covered by MERA. A seasonal employee who works twenty or more hours per week is, however, covered by MERA.

The police department argues that Bracken is a seasonal employee because the 120 day requirement in the definition of seasonal basis is calculated by counting the actual days worked by the employee. The board asserts that the 120 day requirement refers to the interval of time that the individual was employed—that is, the number of days between the initial date of employment and the final date of employment. We agree with the board.

The legislature defined seasonal basis as "working for *a period* of not more than one hundred twenty calendar days in any calendar year." (Emphasis added.) General Statutes § 7-467 (3). The word "period" is defined as "a portion of time determined by some recurring phenomenon." Webster's Third New International Dictionary. This suggests that the number of days must be calculated in a group or block of days—a period of time. See *Krajniak* v. *Wilson,* 157 Conn. 126, 130–31, 249 A.2d 249 (1968). If the legislature had intended to refer to the actual number of days worked, it would not have used the phrase "for a period of." Instead, the statute would have read "working not more than one hundred twenty calendar days in any calendar year."

The police department argues, however, that such a test is unworkable because a student who worked several weeks during summer vacation, and a week during school break, would be covered by MERA. The police department's argument is flawed because this hypothetical student would not have maintained a continuous employer-employee relationship for a period in excess of 120 days. Instead, the student would have

been employed during two isolated and discrete time periods, each less than 120 days. Only if the student had maintained a continuous employer-employee relationship in excess of 120 days per calendar year would he or she be covered by MERA.

Although § 7-467 (2) and (3) do not expressly require an employee to demonstrate the existence of a continuous employer-employee relationship, such a requirement is implicit in the statutory scheme. "In construing a statute, common sense must be used, and the courts will assume that the legislature intended to accomplish a reasonable and rational result. . . . A statute . . . should not be interpreted to thwart its purpose." (Citations omitted; internal quotation marks omitted.) *Board of Education* v. *State Board of Labor Relations,* supra, 126–27.

A review of the legislative history of § 7-467 supports our conclusion that an employee who maintains a continuous employer-employee relationship for a period in excess of 120 days is not a seasonal employee.[7] The history reveals a liberal intent on the part of the legislature to provide collective bargaining protection to as many part-time employees as possible without unduly burdening municipal employers. Prior to 1983, all part-time employees who worked fewer than twenty hours per week were excluded from the definition of employee. In 1983, however, the definition of employee was expanded to include nonseasonal employees who worked fewer than twenty hours per week, and seasonal employees who worked more than twenty hours per week.[8] Public Acts 1983, No. 83-503.

---

[7] " '[T]he fundamental objective of statutory construction is to ascertain and give effect to the apparent intent of the legislature.' " *Warkentin* v. *Burns,* 223 Conn. 14, 20, 610 A.2d 1287 (1992). Surely, when determining this intent we may look to the legislative history. See *State* v. *Mattioli,* 210 Conn. 573, 576, 556 A.2d 584 (1989).

[8] "All this amendment is stating is that those employees who work less than 20 hours and who are not seasonal . . . could also be granted collec-

In its effort to afford greater bargaining rights to part-time employees, however, the legislature did not want to discourage employers from hiring short-term employees. Reflecting this concern, the definition of "seasonal basis" was amended in 1985 to refer to "working for a period of not more than one hundred twenty calendar days in any calendar year." Public Acts 1985, No. 85-40. As Senator Kenneth T. Hampton noted in his remarks, "this bill . . . encourages municipalities to hire part-time students during the summer months. What we have done is that we've increased the time from 66 days to 120 days to allow those students that come from college, probably the middle of May through the middle of September, and they are not under the collective bargaining act." 28 S. Proc., Pt. 3, 1985 Sess., p. 756, remarks of Senator Kenneth T. Hampton.

It is clear from the legislative history that the legislature sought to strike a balance between giving permanent part-time employees bargaining protection and not discouraging employers from hiring transient part-time help. The police department's rigid construction, which affords no protection to individuals who are employed continuously throughout the calendar year, but simply work less than 120 days, contravenes the legislative intent to afford bargaining protection whenever reasonably possible.

Applying our analysis to the facts of the present case, we must first determine whether Bracken is a seasonal employee. Because Bracken was employed continuously throughout 1986 and for seven months in 1987, periods in excess of 120 days per calendar year, we concur in

tive bargaining rights. It's not a guarantee. They would certainly have to go before the board and ask for inclusion, so its not a guarantee, it's not a right. All we're doing is giving these people their day in court as it were." 26 H.R. Proc., Pt. 6, 1983 Sess., p. 2255, remarks of Representative William A. Kiner.

the labor board's conclusion that he was not a seasonal employee. Having determined that Bracken was not a seasonal employee, we need not determine whether he worked twenty or more hours per week.[9] We hold that Bracken must be considered an employee under MERA.

The judgment is reversed and the case is remanded with direction to dismiss the plaintiff's appeal.

In this opinion the other justices concurred.

---

[9] The police department claims that the board expanded the scope of the definition of "employee" under General Statutes § 7-467 (2) and (3) when it included employees who *sometimes* work twenty hours or more hours per week, even if they do not work twenty or more hours per week during most weeks, or even on average. Because we determine that Bracken was not a seasonal employee, we need not determine whether the labor board properly interpreted the phrase "less than twenty hours per week."