[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION MOTION TO DISMISS
This is a residential summary process action. The defendant has filed a Motion to Dismiss under the authority of Practice Book § 143 alleging that defective Notice To Quit deprives the court of subject matter of jurisdiction.
The Notice to Quit states in essence two reasons, "non-payment of rent" and "unauthorized occupancy, Andrea L. Andrews-Wilson a/k/a Andrea Wilson had the right to occupy or privilege to occupy said premises but no longer has the right to occupy or privilege to occupy said premises." The plaintiff claims that the second reason stated above for eviction is not one of the reasons as set forth C.G.S. § 47a-23(a).
The plaintiff argues that the second reason stated in the notice to quit closely tracks the reason permitted underC.G.S. § 47a-23a(3). The plaintiff further argues that the failure to use the exact wording of the statute in a notice to quit does not deprive the court of subject matter jurisdiction.
The plaintiff points to two authorities for this conclusion, the statute itself and Appellate Court cases on the statutory interpretation of C.G.S. § 47a-23. C.G.S. § 47a-23(b)
states in the first line "the notice shall be in writing substantially in the following form:" Later on in that same subsection, the statute states "here insert the reason or reasons for the notice to quit possession or occupancy using the statutory language or words of similar import." As Appellate CT Page 715 authority the defendant cites Thomas E. Golden Realty v. SocietySavings, 31 Conn. App. 571, 579 (1993) for the proposition that the language in a notice to quit that substantially tracks the language in C.G.S. 47a-23 contains sufficient grounds for the validity of the notice to quit.
This court agrees with the defendant's general theories that the Notice to Quit to be valid does not have to exactly follow the statutory language. Those arguments do not, though, persuade the court that under the facts of this case that the Notice to Quit is valid.
The Notice to Quit statute provides two step separate and distinct reasons for eviction for no right or privilege to occupy. C.G.S § 47a-23(a)(2), "when such premises, or any part thereof, is occupied by one who never had a right or privilege to occupy such premises" and C.G.S. § 47a-23a(3) "when one originally had the right or privilege to occupy such premises other than under a rental agreement or lease but such right or privilege has terminated." Prior to 1989 the statute had one right or privilege reason which stated "one who has no right or privilege."
Had this instant Notice to Quit been issued prior to the October 1, 1989, the language used by the plaintiff would survive a Motion to Dismiss. The legislature made two changes in P.A. 89-254. The first divided the one no right and privilege reason into two separate reasons. Second it realigned the reasons in the Notice to quit statute into three separate categories each preceded by a number in parentheses. (1) contains seven separate reasons each preceded by a letter designation. This subsection C.G.S § 47a-23(a)(1) contains the most common reasons used for summary process. (2) Contains the new reason "never had a right or privilege", (3) contains the new reason "other than under a rental agreement or lease but such right or privilege has terminated."
The legislature created two separate reasons in 1989. To distinguish between the two reasons some identifying language must be used. For example as to reason C.G.S § 47a-23a(2), the use of the statutory word "never" or words of similar negative import would appear to be needed. As to C.G.S. § 47a-23a(3), some reference has to be made that the original right or privilege did not arise under a prior agreement or lease or words of similar import. It is horn book law that statutes must CT Page 716 be interpreted to be read as a consistent whole. State v.Jimenez, 228 Conn. 335, 341 (1994); Police Dep't v. State Boardof Education, 225 Conn. 297, 303 (1993).
Although it appears that the legislature by enacting P.A. 89-254 may have inadvertently created a group of occupants who could never be evicted using notices to quit that would comply with C.G.S § 47a-23, this case does not fall into one of those categories. The Legislature has stated clearly there are two separate reasons entitled "no right or privilege". Not only is the language different, the subsections clearly are delineated by the use of separate numbers and legislature made both changes in the same public act.
This court notes that the use of one "no right or privilege" reason as opposed to the other impacts the rights of the parties as to a stay of execution. C.G.S § 47a-36 grants an automatic fifteen day stay of execution except for four reasons. Those four reasons are non-payment of rent, nuisance, immoral or illegal use "and never had a right or privilege" under C.G.S§ 47a-23a(2). Therefore a tenant evicted under "never had a right or privilege" would be entitled only to an automatic five day stay of execution C.G.S § 47a-35 and no further discretionary stays C.G.S. § 47a-39.
This decision does not exalt form over substance. Brown v.Rosen, 36 Conn. App. 206, 210 (1994). Summary process statutes must be strictly construed. Jo-Mark Sand Gravel Co. v.Panatella, 139 Conn. 598, 600-601 (1953). A valid statutory notice to quit is a condition precedent to the bringing of a summary process action. O'Keefe v. Atlantic Refining Co.,132 Conn. 613, 622 (1946); Webb v. Ambler, 125 Conn. 543, 552
(1939).
The legislature in 1991 amended C.G.S. § 47a-23 by adding a language "using the statutory language or words of similar import." P.A. 91-5. Thus the legislature does not require the use of talismanic words to satisfy the requirements of a sufficient notice to quit. The Appellate Court has concurred with that result. Thomas E. Golden Realty v. Society Savings, supra 579. The Supreme Court also agrees. Jefferson GardenAssociates v. Greene, 202 Conn. 128, 145 (1987). "A landlord should not be precluded from pursuing summary eviction proceedings because of hypertechnical dissection of the wording of the notices that he has sent." Jefferson Garden AssociatesCT Page 717v. Greene, supra 145.
The Motion to Dismiss shall be used to assert lack of jurisdiction over the subject matter. Southport ManorConvalescent Center v. Foley, 216 Conn. 11, 12, n. 1 (1990). Jurisdiction over the subject matter cannot be waived or confirmed by consent. Serrani v. Board of Ethics, 225 Conn. 305,308 (1993). The failure of a landlord to provide a notice to quit in compliance with state law deprives the court of subject matter jurisdiction. Jefferson Garden Associates v.Green, supra 143; Bushnell Plaza Development Corporation v.Fazzano, 38 Conn. Sup. 683, 686 (1983); Rosa v. Cristina,135 Conn. 364, 367 (1949); Rosato v. Keller, H-45 May 30, 1979 (Spada, J.).
The Notice to Quit relating to no right or privilege is defective and deprives the court subject matter jurisdiction as to the Second Count of the complaint. The plaintiff has alleged non-payment of rent in the First Count a valid statutory reason, and may proceed on that allegation. C.G.S § 47a-23(a)(1)(A).
The Motion to Dismiss the Second Count is granted.