LOCALS 2863, 3042, 1303-052 AND 1303-115,
COUNCIL 4, AFSCME, AFL-CIO *v.*
TOWN OF HAMDEN ET AL.
(AC 31751)

Harper, Bear and Pellegrino, Js.

Argued February 9—officially released May 17, 2011

*J. William Gagne, Jr.,* for the appellants (plaintiffs).

*Jarad M. Lucan,* with whom, on the brief, was *Christopher M. Hodgson,* for the appellee (named defendant).

*Karen K. Buffkin,* general counsel, with whom, on the brief, was *Alexandra M. Gross,* assistant general counsel, for the appellee (defendant state board of labor relations).

*Opinion*

BEAR, J. The plaintiffs, locals[1] of Council 4, American Federation of State, County and Municipal Employees (union), appeal from the judgment of the trial court affirming the decision of the defendant state board of labor relations (board) dismissing complaints brought by the union against the defendant town of Hamden (town). The union claims that the town violated General Statutes § 7-467 et seq. of the Municipal Employee Relations Act (act); General Statutes § 7-460 et seq.; by refusing to pay retroactive wages to former employees who had been union members. The union argues that the trial court erred in holding that the union's former members were not "employees," as defined in the act, and affirming the board's finding that it was without jurisdiction to consider the union's claims. We affirm the judgment of the trial court.

---

[1] The original complaint was filed with the defendant state board of labor relations by locals 818, 2863, 3042 and 1303-052. On February 8, 2007, local 1303-115 filed another complaint containing the same allegations. The complaint subsequently was amended on October 12, 2007, and the amended complaint eliminated local 818 as a party.

. The following facts and procedural history are relevant to the union's appeal. The union was subject to a collective bargaining agreement that expired on June 30, 2003. In late 2006, locals 2863, 3042 and 1303-052[2] and the town settled, ratified and implemented successor collective bargaining agreements for the period of July 1, 2003, to June 30, 2007. The wage schedule in each of these agreements was as follows:

"Effective retroactively to July 1, 2003, all wage rates in effect on June 30, 2003 shall be increased by two and one half (2 1/2) percent.

"Effective retroactively to July 1, 2004, all wage rates in effect on June 30, 2004 shall be increased by three (3) percent.

"Effective retroactively to July 1, 2005, all wage rates in effect on June 30, 2005, shall be increased by three (3) percent.

"Effective July 1, 2006, all wage rates in effect on June 30, 2006, shall be increased by three (3) percent."

None of the collective bargaining agreements at issue contain any provision concerning retroactive wages and/or other financial benefits for former employees.

On November 8, 2006, an arbitrator issued an interest arbitration award in the matter of the town and local 1303-115[3] covering the period of July 1, 2003, through June 30, 2007. The wage provisions in the award were identical to the aforementioned successor collective

---

[2] Local 2863 is the exclusive bargaining representative of all nonsupervisory town hall employees working twenty or more hours per week as crossing guards regularly employed by the town. Local 3042 is the exclusive bargaining representative of all nonsupervisory employees working twenty or more hours per week in the department of parks and recreation. Local 1303-052 is the exclusive bargaining representative of all regular, full-time technical and professional employees in the town engineering department.

[3] Local 1303-115 represents all full-time and part-time employees of the town library system.

bargaining agreements. The interest arbitration award did not contain any provision concerning retroactive wages and/or other financial benefits to former employees.

During the period after June 30, 2003, in which the bargaining process was ongoing but before ratification or implementation of the agreements, various members of each local either retired or otherwise left the town's employ. On October 20, 2006, and February 8, 2007, the union filed complaints with the board, alleging that the town had refused to bargain in good faith and had violated the act in that the town refused to pay to the former employees the retroactive wages provided for in the new agreement.

On October 12, 2007, the town submitted a motion to dismiss both complaints, asserting that it had no obligation to bargain on the subject of retroactive wages for retirees who were not employees, as defined in the act. The town further asserted that, because it had no obligation to bargain with nonemployees, the board lacked jurisdiction over the union's claims. On October 17, 2007, the town filed two complaints alleging that the union was bargaining in bad faith by pursuing the complaints.

On May 19, 2008, the matters were heard before the board. The board issued its ruling on October 3, 2008, concluding that the case is "clearly answered by our case law, which is based on the federal law. . . . The [a]ct's duty to bargain in good faith applies only to people who are employees within the meaning of the [a]ct and within the bargaining unit. . . . Once an employee leaves the bargaining unit, the duty to bargain imposed by the [a]ct no longer has any application. . . . Accordingly, an employer cannot be found to have committed a refusal to bargain with respect to persons who are not employees within the meaning of the [a]ct.

Likewise, the [u]nion has no duty to represent [nonbargaining], [nonemployees]." (Citations omitted.) The board also rejected the union's argument that the issue of nonemployee retroactive wages has an effect on current employees because current employees are concerned with whether they will receive retroactive wages when they leave their jobs. The board determined that the matter "solely concerns the rights of [nonemployees]." Accordingly, the board granted the town's motion to dismiss.[4]

The union appealed from the board's decision to the Superior Court. On November 9, 2009, the trial court dismissed the union's appeal, holding that the board correctly concluded that the retired members were not employees as defined in the act and, therefore, that the board "did not err in finding that it was without jurisdiction to consider the union's claim of the town's bargaining in bad faith." Accordingly, the court held that the board did not act illegally or in abuse of its discretion in granting the motion to dismiss. This appeal followed.

"Our review of an agency's decision on questions of law is limited by the traditional deference that we have accorded to that agency's interpretation of the acts it is charged with enforcing. . . . In this case, General Statutes § 7-471 (2), which defines the powers of the state board of labor relations, authorizes the board to determine whether a position is covered by sections 7-467 to 7-477, inclusive, in the event of a dispute between the municipal employer and an employee organization. Our duty is to decide whether, in light of the evidence, the [agency charged with enforcement] has acted unreasonably, arbitrarily, illegally, or in abuse of its discretion." (Citations omitted; internal quotation marks

---

[4] The board also dismissed the town's complaints against the union.

omitted.) *Police Dept.* v. *State Board of Labor Relations,* 225 Conn. 297, 300, 622 A.2d 1005 (1993).[5]

The union argues that the court erred in holding that the board correctly concluded that the union's retired members were not "employees" as defined in the act. We disagree.

General Statutes § 7-469 provides in relevant part: "The municipal employer and such employee organization as has been designated as exclusive representative of employees in an appropriate unit, through appropriate officials or their representatives, shall have the duty to bargain collectively. . . ." "Municipal employers or their representatives or agents are prohibited from . . . (4) refusing to bargain collectively in good faith with an employee organization which has been designated in accordance with the provisions of said sections as the exclusive representative of employees in an appropriate unit . . . ." General Statutes § 7-470 (a). The act defines "employee" as "any employee of a municipal employer, whether or not in the classified service of the municipal employer, except elected officials, administrative officials, board and commission members, certified teachers, part-time employees who work less than twenty hours per week on a seasonal basis, department heads and persons in such other positions as may be excluded from coverage under sections 7-467 to 7-477, inclusive . . . ." General Statutes § 7-467 (2).

The union argues that, for the purposes of the prerequisite of subject matter jurisdiction, the date that should

---

[5] The union argues that the question of whether the board has jurisdiction to consider their claim is a legal question not subject previously to judicial scrutiny, and, therefore, the board's determination is not entitled to deference. See *Dept. of Public Safety* v. *Freedom of Information Commission,* 103 Conn. App. 571, 576, 930 A.2d 739, cert. denied, 284 Conn. 930, 934 A.2d 245 (2007). For the reasons we will discuss, we disagree that this issue has not previously been subject to judicial scrutiny.

be used in determining who is an "employee" for the purposes of the act is July 1, 2003, the initial retroactive date of the pay increase.[6] We note that the statutory definition of "employee" does not include retired or former employees. "The meaning ascribed to the term employee under labor law is consistent with its common meaning. We ordinarily look to the dictionary definition of a word to ascertain its commonly approved usage. . . . Webster's Third New International Dictionary, for example, defines the term employee as '1: *one employed* by another usually in a position below the executive level and usually for wages; 2: in labor relations: any worker *who is under wages or salary* to an employer and who is not excluded by agreement from consideration as such a worker.' . . . See also Black's Law Dictionary (8th Ed. 2004) (defining employee as '[a] person who works in the service of another person [the employer] under an express or implied contract of hire, under which the employer has the right to control the details of work performance'). These definitions make it evident that, like the meaning of employee under labor law, the currency of the relationship is paramount." (Citations omitted.) *Garcia* v. *Hartford*, 292 Conn. 334, 345, 972 A.2d 706 (2009). Additionally, "[t]he seminal case of *Allied Chemical & Alkali Workers of America, Local Union No. 1* v. *Pittsburgh Plate Glass Co.*, 404 U.S. 157, 172, 92 S. Ct. 383, 30 L. Ed. 2d 341 (1971), squarely held that retirees are not employees within the bargaining unit." *Garcia* v. *Hartford*, supra, 343.

Pursuant to *Allied Chemical & Alkali Workers of America, Local Union No. 1*, retirees who are no longer employees lose their status as bargaining unit members and are outside the scope of representational responsibility of their unions. See *Allied Chemical & Alkali*

---

[6] All of the former employees were employees on July 1, 2003, the date of the initial retroactive period. None were employed in late 2006 when the new agreement was reached.

*Workers of America, Local Union No. 1* v. *Pittsburgh Plate Glass Co.,* supra, 404 U.S. 181 n.20 ("[s]ince retirees are not members of the bargaining unit, the bargaining agent is under no statutory duty to represent them in negotiations with the employer"). Once an employee leaves the bargaining unit, the duty of a municipality to bargain under the act with that employee ceases. Thus, we agree with the board that "an employer cannot be found to have committed a refusal to bargain with respect to persons who are not employees within the meaning of the [a]ct." On the basis of our statutes and case law, it is clear that the board did not act unreasonably, arbitrarily, illegally or in abuse of its discretion in determining that the town was not obligated to bargain with the union with respect to the claims of former employees, regardless of when their claims arose.[7]

---

[7] The union urges us to adopt the reasoning in *Summit County Children's Services Board* v. *Local No. 4546, Communications Workers of America (AFL-CIO),* Docket No. 21184, 2003 WL 356300 (Ohio App. February 19, 2003). In *Summit County Children's Services Board,* the union filed a grievance on behalf of former employees who claimed that they were due a retroactive pay increase pursuant to a collective bargaining agreement. Id. An arbitrator awarded the pay increase, and the employer appealed, claiming that the arbitrator lacked jurisdiction because the former employees were no longer members of the bargaining unit, and, therefore, neither the union nor the employees had standing to file grievances on behalf of former employees. Id. The Court of Appeals of Ohio, Ninth District, concluded that the arbitrator did not act unlawfully or capriciously in concluding that he had jurisdiction. Id. We are not persuaded that we should adopt the *Summit County Children's Services Board* court's reasoning.

First, *Summit County Children's Services Board* involved review of a decision by an arbitrator regarding whether the arbitrator had jurisdiction over the former employees' grievances. In the present case, we are reviewing, with our "traditional deference that we have accorded to that agency's interpretation of the acts it is charged with enforcing"; *Police Dept.* v. *State Board of Labor Relations,* supra, 225 Conn. 300; a determination by our state board of labor relations that it did not have jurisdiction over the union's claims. Second, other courts in Ohio have declined to apply *Summit County Children's Services Board.* See *Carter* v. *Trotwood-Madison City Board of Education,* 181 Ohio App. 3d 764, 773, 910 N.E.2d 1088 (2009) ("[w]hile [the *Summit County Children's Services Board* court's] approach has some logic . . . we cannot ignore the wording of the [collective bargaining

The union, however, also argues that the board should have jurisdiction because the issues presented "vitally affect the terms and conditions of employment"; (internal quotation marks omitted) *Allied Chemical & Alkali Workers of America, Local Union No. 1* v. *Pittsburgh Plate Glass Co.*, supra, 404 U.S. 176; of current employees. See id., 178 (subjects for mandatory collective bargaining normally include only issues that settle an aspect of relationship between employer and employees, but matters involving individuals outside employment relationship not wholly excluded). The union argues that current employees are concerned with whether they will receive retroactive wages when they leave their jobs. This case, however, concerns former employees and does not concern current employees negotiating for a future benefit for themselves.[8] Therefore, the board did not abuse its discretion in determining that the issue "solely concerns the rights of [nonemployees]" who were no longer members of the bargaining units, and it correctly determined that it thus lacked jurisdiction to act on their claims. See *Allied Chemical & Alkali Workers of America, Local Union No. 1* v. *Pittsburgh Plate Glass Co.*, supra, 182 ("[effect that] bargaining on behalf of pensioners would have on the negotiation of active employees' retirement

agreement] and the case law, which seems almost uniformly to follow the approach that retirees are not bound by the grievance procedure in the collective-bargaining agreement unless they are specifically included"); see also *Independence Fire Fighters Assn.* v. *Independence*, 121 Ohio App. 3d 716, 721, 700 N.E.2d 909 (retired firefighters challenging calculation of amounts paid to them upon retirement for accrued but unused holidays, sick leave, and vacation time were not required to exhaust administrative remedies because they no longer were employees and therefore were not governed by collective bargaining agreement), appeal denied, 80 Ohio St. 3d 1449, 686 N.E.2d 276 (1997), cited in *Garcia* v. *Hartford*, supra, 292 Conn. 344.

[8] The collective bargaining agreements at issue were in effect between July 1, 2003, and June 30, 2007, and they did not include any provision for retroactive wages for current employees who retired after June 30, 2007.

plans is too speculative a foundation on which to base an obligation to bargain").

We conclude that the board did not act unreasonably, arbitrarily, illegally or in abuse of its discretion in concluding that the town had no duty to bargain on a subject affecting the rights of former employees. Accordingly, we conclude that the trial court properly determined that the board did not err in granting the town's motion to dismiss.[9]

The judgment is affirmed.

In this opinion the other judges concurred.

---

[9] The union makes additional arguments that denying the former employees retroactive pay would lead to an inequitable result or be unlawful pursuant to the state's wage statutes. We do not address these issues because they are unrelated to the board's decision that it lacked jurisdiction. The issue of whether the former employees may have other remedies, including a possible breach of contract claim against the town, is not before us.