**INDEPENDENCE FIRE FIGHTERS ASSOCIATION et al., Appellees,**

**v.**

**CITY OF INDEPENDENCE et al., Appellants.**

[Cite as *Independence Fire Fighters Assn. v. Independence*
(1997), 121 Ohio App.3d 716.]

Court of Appeals of Ohio,
Eighth District, Cuyahoga County.

No. 70704.

Decided July 28, 1997.

*Thomas M. Hanculak,* for appellees.

*Kelley, McCann & Livingstone, Stephen M. O'Bryan* and *Kurt D. Weaver,* for appellants.

Patricia Ann Blackmon, Presiding Judge.

The city of Independence, defendant-appellant, appeals a decision from the trial court granting summary judgment in favor of the Independence Fire Fighters Association et al., plaintiffs-appellees. The city of Independence assigns the following four errors for our review:

"I. The trial court erred in denying the city's motions for summary judgment where the facts established that the court lacked subject matter jurisdiction to hear the collective bargaining agreement dispute.

"II. The trial court erred in finding for appellees where their claims were barred either by the applicable limitations period and/or the doctrine of laches.

"III. The trial court erred in determining that the terms of the collective bargaining agreement between the IAFF [*sic*] and the city required the city to pay additional accrued and unused vacation and sick leave pay to appellees.

"IV. The trial court erred in finding for appellees since it failed to consider the intent, past construction and acts of the parties relative to the collective bargaining agreement."

After reviewing the record and the arguments of the parties, we affirm the decision of the trial court in part and reverse it in part. The apposite facts follow.

This case arose from a dispute between three retired firefighters (Kenneth Bender, James Sharkey, and Anthony Zupancic) and the city of Independence about the calculation of payment for unused holiday pay, sick leave, and vacation pay.

The collective bargaining agreement provided that, in lieu of holidays, employees were entitled to five periods of twenty-four consecutive duty hours off during a calendar year. In addition, employees on active employment status were entitled to accumulate a maximum of one hundred sixty-eight hours of sick leave per calendar year. The sick leave was to accrue on the basis of fourteen hours per month and be credited on the first day of each calendar month, provided that employees were otherwise eligible for sick leave. Employees with twenty or more full years of service (as was the case with Bender, Sharkey, and Zupancic) were entitled to thirteen periods of twenty-four consecutive duty hours of vacation or equivalent time.[1]

---

1. Bender was hired on September 10, 1971 and retired on June 30, 1993. Sharkey was hired on May 10, 1967 and retired on May 16, 1992. Zupancic was hired on April 5, 1971 and retired on November 13, 1992.

Under the collective bargaining agreement, vacation days and holidays "are not cumulative and only apply and should be taken during the employee's anniversary year in which they become due." Collective Bargaining Agreement, Article 19, Section 2 and Article 20, Section 2. Sick leave was "cumulative without limit" but upon retirement, employees with ten or more years of continuous service were to be paid in cash for one-fourth of their accrued but unused sick leave up to a maximum of nine hundred sixty hours. Collective Bargaining Agreement, Article 23, Section 4.

The payment for holidays and vacation days was to be computed at the employee's regular hourly rate based upon a one-hundred-forty-four-hour, nineteen-day work period. Payment for unused holidays and vacation days was limited to forty-eight hours per year. The payment for sick leave was to be based on the employee's annual salary at the time of retirement and a work year of fifty-two weeks and five days per week. Compensation for unused holidays and vacation days was to be paid at the employee's regular hourly rate based on a one-hundred-forty-hour, nineteen-day work period. Collective Bargaining Agreement, Article 21.

The agreement provided that "any employee who quits, is terminated, laid off, dies, retires, or in any way separates his employment, is entitled only to the pro-rata share of vacation time earned in the calendar year when the separation from service occurs." Collective Bargaining Agreement, Article 19, Section 5.

On May 7, 1992, Sharkey filed a written grievance arguing that the city had improperly calculated the amount due him for unused vacation days. Bender and Zupancic filed similar grievances. The firefighters argued that the city improperly calculated the amount of unused vacation pay they were owed upon their retirement. They argued that the city should not have calculated the number of days of vacation pay owed by prorating the number of days each firefighter would have earned during the calendar year in which the firefighter retired but should have paid the firefighter for all days accrued by him during the last full year of his employment with the city.

Bender, Sharkey, and Zupancic also filed grievances regarding their sick leave benefits. Bender challenged his holiday benefits. An arbitration hearing was scheduled on the vacation benefits grievances on May 26, 1994. The IFFA, Local 2375, which represented the firefighters, sought to postpone the hearing, arguing that the city was challenging the IFFA's desire to have the arbitrator hear all the grievances, including those relating to sick leave and holiday pay at the May 26, 1994 hearing.

The AAA notified the city that the issue of arbitrability would be decided by the arbitrator. However, on May 25, 1994, the IFFA and the three firefighters filed a complaint for declaratory judgment and request for monetary damages.

On that same date, the IFFA withdrew the grievances under protest in light of the lawsuit.

The city moved for summary judgment, arguing that the firefighters had failed to exhaust their administrative remedies under the collective bargaining agreement because they failed to take any of the grievances through to arbitration. The city also argued that, because Sharkey and Zupancic did not file their grievances within five calendar days as required by the collective bargaining agreement, Article 14, the grievances were not timely filed. The trial court denied the motion for summary judgment on May 2, 1995.

In a journal entry dated April 25, 1996, the trial court concluded, "It would not be equitable for the firefighters to earn next year's vacation time this year only to have the unused vacation time not be paid for upon retirement. On this issue the court finds that, upon retirement, the firefighters were to be paid for all of the vacation time earned that is not cumulative."

The court also found that, under Article 23, Section 4, the firefighters were entitled to one fourth of their accrued but unused sick leave, up to a maximum of nine hundred sixty hours. The court concluded that the hourly rate for sick leave should be as stated in Article 23, Section 4 of the collective bargaining agreement (based upon the employees' annual salary at retirement and a work year of fifty-two weeks and five days per week). Finally, the court ruled that holiday time was to be paid on a prorated basis under Article 20, Section 2 of the collective bargaining agreement. This appeal followed.

In its first assignment of error, the city argues that the trial court did not have jurisdiction over the firefighters' claim because the firefighters failed to exhaust their administrative remedies under the collective bargaining agreement. The firefighters argue that, as retirees, they were not subject to the collective bargaining agreement.

The firefighters urge us to follow *Anderson v. Alpha Portland Industries, Inc.* (C.A.8, 1985), 752 F.2d 1293, and *Rutledge v. Dayton Malleable, Inc.* (1984), 20 Ohio App.3d 229, 20 OBR 290, 485 N.E.2d 757. *Rutledge* and *Anderson* both concluded that, absent a provision in the collective bargaining agreement that expressly requires retirees to exhaust the contractual remedies before filing suit against the employer, a retiree's suit against the employer is not barred by his failure to pursue grievance and arbitration procedures. *Anderson* at 1298; *Rutledge* at 236, 20 OBR at 297, 485 N.E.2d at 764.

The same result was reached in *Medley v. Portsmouth* (Dec. 23, 1996), Scioto App. No. 96 CA 2426, unreported, 1996 WL 737587. In *Medley,* five retired firefighters sued the city of Portsmouth for incorrectly calculating the amount due for accumulated sick leave. The city argued that the firefighters' action

should have been dismissed for lack of subject matter jurisdiction because the firefighters had failed to exhaust their grievance and arbitration remedies available under the collective bargaining agreement. The agreement defined a grievance as a difference between the city and the union and provided that either an employee or the union could initiate a grievance. The *Medley* court concluded that because the firefighters were no longer union members or employees, the collective bargaining agreement did not apply to them and they had no duty to exhaust administrative remedies under the contract.

In *Fenske v. Brook Park* (Feb. 3, 1994), Cuyahoga App. No. 64525, unreported, 1994 WL 30439, we rejected the argument that a collective bargaining agreement between the Brook Park Policemen Northern Ohio Benevolent Association was inapplicable to a retired police officer. We concluded that "for purposes of collective bargaining agreements * * *, the relevant time that a person need be an employee is the time the incident in question occurred." *Id.*

However, *Fenske* involved a retired police officer who filed suit against the city of Brook Park seeking indemnification for a damage award rendered against him for an assault he committed while he was on active duty. Finding that Fenske failed to follow the grievance procedures outlined in the collective bargaining agreement between the city and the union, we stated that "[f]or purposes of collective bargaining agreements, * * * the relevant time that a person need be an employee is the time the incident in question occurred."

The assault for which Fenske sought indemnification occurred while he was on active duty. In contrast, the firefighters challenged the calculation of amounts paid to them upon retirement for accrued but unused holidays, sick leave, and vacation time. Since, upon their retirement, the employees were no longer employees, we conclude that they were not governed by the collective bargaining agreement. Accordingly, the firefighters need not have exhausted their administrative remedies before filing the instant action. Because we conclude that the trial court had jurisdiction over the firefighters' claims, we overrule the city's first assignment of error.

■ In its second assignment of error, the city argues that the firefighters' claims were barred either by the applicable limitations period and/or by the doctrine of waiver. However, having concluded that the firefighters need not have followed the collective bargaining agreement's grievance procedure, we also conclude that its time limits for filing grievances are inapplicable to the firefighters' claims. Consequently, we overrule the city's second assignment of error.

■ In its third assignment of error, the city argues that the trial court erred in interpreting the terms of the collective bargaining agreement between the

IAFF and the city.[2] Terms in a collective bargaining agreement shall be given "their ordinary meaning in the absence of evidence indicating that the parties to the contract intended to expand or otherwise deviate from that meaning." *Detroit Coil v. Internatl. Assn. of Machinists & Aerospace Workers, Lodge No. 82* (C.A.6, 1979), 594 F.2d 575, 580.

■ In reviewing the firefighters' claims regarding sick leave, the trial court correctly followed the plain language of the collective bargaining agreement. Under the agreement, employees were to be paid in cash for "one fourth of the employee's accrued but unused sick leave, up to a maximum of nine hundred sixty (960) hours." The city argues that it intended to limit the employees' maximum accrued sick leave time to one fourth of nine hundred sixty hours, or two hundred forty hours. However, that interpretation is belied by the plain wording of the contract. The trial court properly found that the firefighters were entitled to payment of one fourth of their accrued sick leave up to a limit of nine hundred sixty hours.

■ However, the trial court erred in its interpretation of the agreement's provisions with respect to vacation pay. Article 19, Section 5 of the collective bargaining agreement provided that "an employee who quits, is terminated, laid off, dies, retires, or in any way separates his employment, is entitled only to the pro-rata share of vacation time earned in the calendar year when the separation from service occurs."

The trial court found that "it would be inequitable for the firefighters to not get paid for all the noncumulative vacation time that they have earned but have not used." The trial court did not follow the terms of the contract as written, but instead deemed its provisions with respect to vacation pay to be "inequitable" and imposed a different method of calculating the payment of unused vacation pay. We conclude that the trial court had no authority to alter the clear and unambiguous language in the collective bargaining agreement. The city's third assignment of error is well taken on the issue of vacation pay only.

■ In its fourth assignment of error, the city argues that the trial court should have considered the intent, past construction, and acts of the parties relative to the collective bargaining agreement. We agree that these considerations are valid in cases where the language of the collective bargaining agreement is ambiguous. However, the language of the contract with respect to payment for unused vacation pay and sick leave was clear and unambiguous.

---

2. The firefighters filed grievances regarding the calculation of payment for unused sick leave, vacation time, and holidays. The trial court judgment addressed all these issues. However, on appeal, the city does not challenge the trial court's judgment as it pertained to holiday pay.

Consequently, the trial court was obligated to give those provisions their plain meaning and apply them to the firefighters' claims. See *Detroit Coil, supra.* The city's fourth assignment of error is without merit.

We affirm the trial court's judgment on the issue of sick leave and reverse its judgment on the issue of vacation pay.

*Judgment affirmed in part*
*and reversed in part.*

MATIA and SPELLACY, JJ., concur.