On August 7, 1997, Ivy Featherstone filed a complaint in the Franklin County Court of Common Pleas against the Columbus City School District Board of Education ("board"). Mr. Featherstone, a former teacher, sought severance pay he alleged was due pursuant to a collective bargaining agreement between the board and Mr. Featherstone's union, the Columbus Education Association. The board filed an answer and a counterclaim. In its counterclaim, the board averred Mr. Featherstone owed it $21,500 pursuant to a board order arising out of termination proceedings against Mr. Featherstone.
On March 5, 1998, the board filed a motion for summary judgment on Mr. Featherstone's claim and its counterclaim. Mr. Featherstone filed a memorandum contra, and the board filed a reply. On May 28, 1998, the trial court rendered a decision granting the board's motion for summary judgment. A judgment entry was journalized on June 29, 1998.
Mr. Featherstone (hereinafter "appellant") has appealed to this court, assigning the following as error
 "The lower court erred to appellant's detriment when the court ruled: based upon the record before the court, the court determines that there is no genuine issue of material fact and defendant is entitled to judgment on plaintiff's claim and defendant's counter-claim."
We will address the appropriateness of summary judgment as to appellant's claim for severance pay and the board's counterclaim separately. In order to grant summary judgment, the court must be satisfied, construing the evidence must strongly in favor of the nonmoving party, that: there is no genuine issue of material fact; the moving party is entitled to judgment as a matter of law; and reasonable minds can come to but one conclusion, that conclusion being adverse to the party opposing the motion. Tokles Son, Inc. v. Midwestern Indemn.Co. (1992), 65 Ohio St.3d 621, 629, citing Harless v. WillisDay Warehousing Co. (1978), 54 Ohio St.2d 64. Our review is denovo. Smiddy v. The Wedding Party, Inc. (1987), 30 Ohio St.3d 35.
We begin with appellant's severance pay claim. Appellant contends he is entitled to severance pay pursuant to the collective bargaining agreement ("agreement"). The board asserts, in part, that appellant did not meet the requirements under the agreement for obtaining severance pay. The background of the events that led to the present action is as follows. On April 25, 1995, the board adopted a resolution indicating its intent to consider the termination of appellant's employment contract and to suspend appellant pending final action. Appellant's suspension was effective April 26, 1995.
Appellant filed a written demand for a hearing. A referee was appointed, and settlement negotiations occurred. On October 2, 1995, the referee issued an interim order that appellant be paid the balance of his salary for school year 1994-1995 and his salary through September 29, 1995 for the 1995-1996 school year, and that appellant continue to receive regular pay checks for the 1995-1996 school year until the case reconvenes or until further order. The parties were also ordered to continue to pursue settlement. The order was based on the premise that both parties attempt good faith settlement negotiations.
On November 21, 1995, a pre-hearing conference order was submitted, reaffirming the October 2, 1995 order upon the condition that no other case(s) be filed involving the same matter.
On February 15, 1996, the board moved for an order requiring appellant repay it for any monies paid to him since the October 2, 1995 order. The basis for the board's motion was that on February 5, 1996, appellant had filed an action in federal court against the board and others which concerned matters involved in the proceedings before the referee.
A hearing was held and, on October 18, 1996, the referee issued findings of fact, conclusions of law and a recommendation. The referee recommended that appellant's continuing contract be terminated on the grounds of gross inefficiency, willful and persistent violations of reasonable regulations of the board, and for other good and just cause.
On October 31, 1996, the referee issued supplemental findings and conclusions. The referee found that appellant had filed a suit in federal court involving the same matters before the referee. Accordingly, the referee concluded appellant had failed to abide by the October 2, 1995 and November 21, 1995 orders and recommended appellant repay the board for all monies paid to him since October 2, 1995.
Appellant, who had worked as a teacher with the Columbus Public School District since 1966, filed an application for retirement with the State Teachers Retirement System. Such application was approved, and appellant's retirement became effective November 1, 1996.
On November 5, 1996, the board approved the referee's recommendations in both reports. The board ordered appellant's continuing teaching contract be terminated effective November 6, 1996. Appellant appealed to the Franklin County Court of Common Pleas but voluntarily dismissed the appeal in June 1997. On August 7, 1997, appellant filed the instant action for severance pay.
The board contends appellant failed to timely request severance pay pursuant to the terms of the agreement. Article 809, Section 809.01 addresses severance pay and states, in pertinent part:
 "Members of the bargaining unit may, at the time of their separation from service with the Columbus Public Schools, elect to be paid in cash for the value of their accrued but unused sick leave and personal leave credit in accordance with Section 809.02 below. The following stipulations shall apply:
 "A. Only those members of the bargaining unit whose effective date of retirement with the State Teachers Retirement System is no later than one hundred twenty (120) calendar days after the last paid day of service, the last day of an unpaid leave of absence with the Columbus Public Schools, or while on layoff status as defined in Article 704 of this Agreement, shall be eligible to be paid for such accrued but unused sick leave/personal leave credit."
Appellant contends he was on an unpaid leave of absence from April 25, 1995 to November 1, 1996. However, pursuant to Articles 702 and 704 of the agreement (which deal with leave of absence and reductions in personnel, respectively), appellant had neither taken an unpaid leave of absence nor been laid off. In fact, appellant had been suspended without pay effective April 26, 1995. However, appellant was paid pursuant to the referee's October 2, 1995 order through January 31, 1996. (See affidavit of John Tomes, Director of Certificated Personnel, Columbus Public Schools).
In relevant part, Article 809, Section 809.01 of the agreement states that only those members whose effective date of retirement is not later than one hundred twenty days after the last paid day of service are eligible for severance pay. Here, appellant's effective retirement date was November 1, 1996. Therefore, at the very latest, appellant would have had to retire no later than one hundred twenty days after January 31, 1996, appellant's last paid day of service. Such date would have been May 30, 1996 (one hundred twenty calendar days after January 31, 1996). Appellant did not retire until November 1, 1996, well beyond the date required to be eligible for severance pay.
Appellant contends he requested severance pay at the board's meeting in March 1997 which was within one hundred twenty days of his retirement. However, this did not comply with the requirement in the agreement. Because appellant did not retire within one hundred twenty days after January 31, 1996 (his last paid date of service), he is not eligible for severance pay.
We note the board has alternatively argued that summary judgment should be granted in its favor because appellant failed to exhaust administrative remedies; specifically, that appellant failed to utilize the grievance procedure set forth in the agreement. However, courts have held that retirees are not subject to grievance procedures contained in collective bargaining agreements unless such agreements indicated otherwise. See Rutledge v. Dayton Malleable, Inc. (1984),20 Ohio App.3d 229, motion to certify overruled in (1984), case No. 84AP-1628; Independence Fire Fighters Assn. v. Independence
(1997), 121 Ohio App.3d 716, discretionary appeal not allowed in (1997), 86 Ohio St.3d 1449.
Article 110 of the agreement addresses the grievance procedure and speaks, essentially, only of teachers. Appellant was not a teacher once he retired and, therefore, could not utilize the grievance procedure as to his claim for severance pay.
In summary, appellant's last paid day of service was not within one hundred twenty days of his retirement. Therefore, he was not eligible for severance pay. Accordingly, summary judgment in favor of appellee on appellant's claim was appropriate.
We now turn to the board's counterclaim. The board sought the repayment of monies paid to appellant pursuant to the referee's October 2, 1995 interim order. As indicated above, the board adopted the referee's recommendation that appellant repay the money paid to him during his suspension. Appellant appealed from the board's order, however, he voluntarily dismissed the appeal. The board contends summary judgment on its counterclaim was warranted because the issue of whether appellant owed it money had already been decided and, therefore, res judicata
barred appellant from litigating the issue.
Collateral estoppel or issue preclusion, a doctrine under the principle of res judicata, stands for the concept that a fact or point that was actually and directly at issue in a previous action and was passed upon and determined by a court of competent jurisdiction, may not be drawn into question in a subsequent action between the same parties or their privies, whether the cause of action in the two actions be identical or different. Ft. Frye Teachers Assn., OEA/NEA v. State Emp.Relations Bd. (1998), 81 Ohio St.3d 392, 395. Collateral estoppel applies to administrative proceedings that are of a judicial nature. See Superior's Brand v. Lindley (1980),62 Ohio St.2d 133.
The board's November 5, 1995 order, which stemmed from administrative proceedings of a judicial nature, adopted the referee's supplemental recommendation that appellant repay the monies paid to him pursuant to the October 2, 1995 interim order. Therefore, the issue of whether or not appellant must repay such money may not be drawn in question now. The only remaining issue is the amount of such repayment.
In its counterclaim, the board prayed for $21,500, and the trial court awarded this amount. In a deposition, Ben Pittman, the treasurer for the board, identified a letter to appellant regarding the amount owed pursuant to the referee's supplemental report and the board's subsequent approval thereof. Attached was a statement detailing payments made to appellant beginning November 27, 1995 and ending January 31, 1996. The net total owed to the board was indicated as $28,780.69.
The above constitutes the only evidence as to what was owed appellee. Therefore, summary judgment for the board on its counterclaim for $21,500 was appropriate.
In conclusion, summary judgment in favor of the board on appellant's severance pay claim and the board's counterclaim was appropriate. Accordingly, appellant's assignment of error is overruled.
Having overruled appellant's sole assignment of error, the judgment of the Franklin County Court of Common Pleas is hereby affirmed.
Judgment affirmed
LAZARUS, P.J., and DESHLER, J., concur.