DECISION AND JUDGMENT ENTRY
The City of Circleville appeals the determination of the Circleville Municipal Court, Small Claims Division, that Thelma Yahraus is entitled to longevity pay after a medical disability forced her to retire prior to the date upon which the City issued longevity paychecks. On appeal, the City asserts that the trial court erred in relying upon the magistrate's decision based upon the City's failure to provide a transcript of the hearing before the magistrate. Because the trial court relied upon the magistrate's decision only for its factual determinations, and the trial court engaged in an independent legal review of the magistrate's decision, we disagree. The City also asserts that the trial court did not have jurisdiction to consider Yahraus's claim because she did not exhaust her administrative remedies even though the issue she raised was addressed by the terms of the collective bargaining agreement. Because the collective bargaining agreement does not explicitly require retirees to use administrative remedies, we disagree and find that the trial court possessed jurisdiction to consider the claim of Yahraus, a retiree. Finally, the City asserts that the trial court's determination that Yahraus is entitled to longevity pay is contrary to the express terms of the collective bargaining agreement. Because the trial court failed to interpret the collective bargaining agreement in a manner that made all terms of the agreement effective, we agree. Accordingly, we reverse the judgment of the trial court.
 I.
The City employed Yahraus from January 16, 1972 until she retired due to a medical disability on August 31, 1999. At the time of her retirement, Yahraus's employment with the City was governed by a collective bargaining agreement. Longevity is addressed in the agreement as follows:
 Section 26.01 All full time employees shall be entitled to longevity pay for continuous service to the City. Entitlement to such longevity pay shall be determined upon the following conditions, all of which must exist for eligibility for longevity. An employee must:
1. Be a full time employee;
 2. Have completed five (5) years of continuous, uninterrupted employment with the City; and
 3. Be an employee of the City on the date of payment of longevity.
 Section 26.02 The amount of longevity pay for employees shall be fifty dollars ($50.00) times the number of years completed for continuous service with the City as of December 1st of each year. No credit shall be granted for pro-rated or partial years of service. If an officer is killed in the line of duty, then the officer's longevity pay for that year will be paid to the officer's estate.
 Section 26.03 Such longevity pay shall be issued annually not earlier than the first regular City pay date in December, but not later than the second regular pay in December.
The City denied Yahraus's request for longevity pay at the time of her retirement because she was not an employee of the City on the date of the longevity payment. Yahraus filed a grievance in accordance with the collective bargaining agreement's grievance procedure. Upon receiving a written denial of her request for longevity from the Mayor of the City, Yahraus declined to submit the grievance to binding arbitration. Instead, Yahraus filed the underlying action in the trial court.
The magistrate to the trial court held a hearing, then issued a report recommending that the trial court order the City to pay Yahraus longevity pay for twenty-seven years of service, as Yahraus did not retire voluntarily, but retired due to a disability. The City filed three objections, one of fact and two of law, to the magistrate's recommendation, but did not file a transcript of the hearing before the magistrate. The trial court issued a decision adopting the magistrate's recommendation.
The City appeals, asserting the following assignments of error:
 I. The court's holding that it could not "disturb the Magistrate's decision" as Appellant did not provide a transcript for review is contrary to law.
 II. The municipal court lacked jurisdiction over Appellee's claim as Appellee failed to exhaust her administrative remedies pursuant to the collective bargaining agreement.
 III. The court's finding that the subject matter of this case is "beyond the mere interpretation and application of contract terms" is contrary to the record and to law.
 IV. The court's holding that Appellee should be entitled to a longevity payment in 1999 as her separation from employment was involuntary is contrary to the express terms of the collective bargaining agreement.
 II.
In its first assignment of error, the City asserts that the trial court erred by failing to review the magistrate's decision for the two errors of law it objected to in the trial court. The City asserts that the trial court declined to review the magistrate's decision based on the City's failure to provide a transcript of the proceedings before the magistrate as required by Civ.R. 53(E)(3)(b). Specifically, the City challenges the trial court's statement that a transcript "is critical for the Court to review, criticize, sustain or overrule the magistrate's decision." The City asserts that even without a transcript, the trial court was duty bound to review the magistrate's decision for errors of law.
We agree with the City's assertion that Civ.R. 53(E)(3)(b) only applies to factual findings and that the trial court still had a duty to review the magistrate's decision for errors of law, even in the absence of objections. LaMar v. Stabile (1993), 90 Ohio App.3d 54, 56. However, the City's contention that the trial court failed to do so is without merit. In criticizing the City's failure to provide a transcript, the trial court "sustain[ed] the finding of the Magistrate's opinion and adopt[ed] the finding of fact made herein as its own." (Emphasis added.) The trial court then went on to discuss its legal rationale for adopting the magistrate's recommendation. Specifically, the trial court engaged in an analysis of the collective bargaining agreement's terms and of the trial court's jurisdiction to interpret those terms. Thus, the trial court did not fail to review the magistrate's recommendation for legal errors. Accordingly, we overrule the City's first assignment of error.
 III.
In its second assignment of error, the City challenges the trial court's jurisdiction to review and interpret the collective bargaining agreement. Specifically, the City asserts that the trial court erred in determining that Yahraus did not need to exhaust the administrative remedies, including arbitration, pursuant to the collective bargaining agreement before she could bring her claim before the trial court.
Generally, an employee's failure to exhaust his or her administrative remedies pursuant to a collective bargaining agreement deprives the courts of jurisdiction to hear the employee's complaint. DeCrane v.Westlake (1995), 103 Ohio App.3d 481, 485. However, retirees seeking to resolve a dispute arising from events that occurred after their retirement usually are not subject to a collective bargaining agreement. Rather, "absent a provision in the collective bargaining agreement that expressly requires retirees to exhaust administrative remedies before filing suit against the employer, a retiree's suit against the employer is not barred by his failure to pursue grievance and arbitration procedures." Independence Fire Fighters Assn. v. Independence (1997),121 Ohio App.3d 716, 720, citing Rutledge v. Dayton Malleable, Inc. (1984), 20 Ohio App.3d 229, 236.
The City attempts to distinguish the retiree exception applied inIndependence and Rutledge by noting that in both of those cases, the collective bargaining agreements expressly set forth benefits for retirees. In this case, the collective bargaining agreement does not set forth specific benefits for retirees. However, this factual distinction does not reflect the rationale for the retiree exception. Rather, theIndependence court noted that the collective bargaining agreements apply to employees. Since, upon retirement, employees are no longer employees, they likewise are no longer governed by the collective bargaining agreement. Independence at 721; Rutledge at 235. In short, in the absence of a contractual duty to do so, retirees are not required to exhaust administrative remedies. Independence at 721; Rutledge at 235; Medley v.Portsmouth (Dec. 23, 1996), Scioto App. No. 96CA2426, unreported.
In this case, the City does not contend that the collective bargaining agreement contains a provision requiring retirees to resolve disagreements by exhausting the grievance and arbitration remedies. Thus, Yahraus, as a retiree, was not required to exhaust her administrative remedies, and the trial court did not err in determining that it had jurisdiction despite her failure to pursue arbitration. Accordingly, we overrule the City's second assignment of error.
 IV.
In its third assignment of error, the City challenges the trial court's finding that it had jurisdiction because the collective bargaining agreement "did not address the issue of disabilities incurred by employees subject to the agreement." Arbitration is not an adequate remedy, and therefore the courts have jurisdiction, when the disputed issue is not within the scope of the collective bargaining agreement.Walker v. Lancaster City School Dist. (1997), 79 Ohio St.3d 216, 218.
In fact, the trial court did not base its finding of jurisdiction upon the collective bargaining agreement's failure to address entitlement to longevity payments in the event of a disability. A careful reading of the trial court's opinion reveals that the trial court actually found that the collective bargaining agreement implicitly addresses the issue of entitlement to longevity pay in the event of a disability. The trial court based its finding of jurisdiction upon Yahraus's status as a retiree, as described above. Accordingly, we overrule the City's third assignment of error.
 V.
In its fourth assignment of error, the City asserts that the trial court's conclusion that Yahraus is entitled to longevity pay is contrary to the express terms of the collective bargaining agreement. Specifically, the City contends that Section 26.01 of the collective bargaining agreement expressly limits longevity pay to employees. The trial court determined, by construing Section 26.01 in conjunction with Section 26.02, that the collective bargaining agreement implicitly creates a distinction between employees who voluntarily separate from employment and those who involuntarily separate from employment.
"The construction of written contracts and instruments of conveyance is a matter of law." Alexander v. Buckeye Pipe Line Co. (1978),53 Ohio St.2d 241, paragraph one of the syllabus. "Unlike determinations of fact which are given great deference, questions of law are reviewed by a court de novo." Nationwide Mut. Fire Ins. Co. v. Guman Bros. Farm
(1995), 73 Ohio St.3d 107, 108; Ohio Bell Tel. Co. v. Pub. Util. Com. (1992), 64 Ohio St.3d 145, 147.
Generally, a court should strive to give effect to the plain meaning of a contract. Cleveland Elec. Illuminating Co. v. Cleveland (1988),37 Ohio St.3d 50, citing Seringetti Constr. Co. v. Cincinnati (1988),51 Ohio App.3d 1, 4. As long as the contract is clear and unambiguous, "the court need not concern itself with rules of construction or go beyond the plain language of the agreement to determine the rights and obligations of the parties." Seringetti at 4. However, the court must also give effect to all terms of a contract, neither deleting nor adding words. Cleveland Elec. Illuminating Co. at paragraph three of the syllabus. Additionally, if the primary purpose of the contract can be ascertained, the court shall give it great weight. Restatement of the Law 2d, Contracts 86-88 (1979), Section 202(1); First Union Real EstateEquity Mortgage Investments v. Shapiro (Apr. 11, 1985), Cuyahoga App. No. 48601, unreported.
In this case, Section 26.01 of the collective bargaining agreement provides that, to be eligible for longevity payments, the recipient must be an employee of the City on the date that longevity is paid. Section 26.03 provides that longevity will be paid around the first regular pay date in December. Section 26.02 provides that longevity pay earned by an officer who is killed in the line of duty is payable to the officer's estate. But the estate of a deceased officer clearly is not an employee of the City.
The City argues that the employee requirement of Section 26.01 is strict. However, reading Section 26.01 as creating a strict requirement of employment on the date of pay ignores Section 26.02, the term of the collective bargaining agreement that provides for longevity pay to the estates of deceased officers. Thus, the interpretation urged by the City deletes a term of the contract, and thereby is contrary to ClevelandElec. Illuminating Co., supra.
The trial court recognized that Section 26.02 of the collective bargaining agreement creates an exception to the employee requirement. Additionally, the trial court determined that the principal purpose of longevity pay is to promote employee loyalty and commitment. By examining Sections 26.01, 26.02 and 26.03 together in accordance with ClevelandElec. Illuminating Co., supra, and by considering the purpose of those sections in accordance with First Union, supra, the trial court determined that the collective bargaining agreement distinguishes between voluntary and involuntary termination of employment. Specifically, the trial court found that an employee involuntarily separated from employment prior to the payment of longevity was nonetheless entitled to the longevity pay. Because Yahraus involuntarily retired due to a medical disability, the trial court determined that she is entitled to longevity pay for 1999.
While we agree with the trial court's reliance upon the basic rule of construction requiring that it give all terms in a contract effect, we disagree with the trial court's application of that principle to the facts of this case. Although, as the trial court notes, Section 26.02 of the collective bargaining agreement creates an exception to the employee requirement, that exception is not so broad as to include any involuntary separation from employment. Rather, Section 26.02 creates an exception only for officers killed in the line of duty. To give effect to all terms in the collective bargaining agreement, we must limit the exception as it is written. The exception explicitly does not apply to officers injured in the line of duty or to officers killed other than in the line of duty. While this interpretation may not effectively further the purpose of promoting employee loyalty, it in no way defeats that purpose. Moreover, this interpretation truly gives effect to all the words contained in the collective bargaining agreement. Accordingly, we sustain the City's final assignment of error.
 VI.
In conclusion, we find that the trial court properly reviewed the magistrate's decision for errors of law. Additionally, we find that the magistrate and the trial court possessed jurisdiction over Yahraus's claim. However, we find that the trial court erred as a matter of law in interpreting the collective bargaining agreement to provide for longevity pay to employees who involuntarily retire prior to the date of the annual payment. Consequently, we reverse the judgment of the trial court.
 JUDGMENT ENTRY
It is ordered that the JUDGMENT BE REVERSED and the cause remanded to the trial court for further proceedings consistent with this opinion, costs herein taxed to appellee.
The Court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate issue out of this Court directing the Circleville Municipal Court to carry this judgment into execution.
Any stay previously granted by this Court is hereby terminated as the date of this Entry.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure. Exceptions.
Abele, P.J. Concurs in Judgment and Opinion as to Assignments of Error I III and Concurs in Judgment Only as to Assignment of Error II.
Roger L. Kline, Judge.
Evans, J. Concurs in Judgment and Opinion.