OPINION
{¶ 1} In this accelerated calendar action, appellant, Cynthia Marinelli, appeals the judgment entered by the Lake County Court of Common Pleas. The trial court dismissed Marinelli's complaint for lack of subject matter jurisdiction.
 {¶ 2} Marinelli worked for appellee, the Mentor Exempted Board of Education ("the Board"), as a tutor for twenty-one years. Both parties agree that Marinelli was a member of the Mentor Teachers Association ("MTA"). The MTA entered into a collective bargaining agreement ("CBA") with the Board. The CBA was in effect during all relevant times of this matter.
 {¶ 3} In March 2000, Marinelli considered retiring and inquired about retirement options. She learned the CBA provided two options for early retirement benefits under an early retirement incentive plan ("ERIP"). The first option under the ERIP was only available if the Board determined it was financially feasible.
 {¶ 4} Marinelli initially sought benefits under option one. On May 2, 2000, the Board sent a letter to Marinelli informing her that option one was not financially feasible. Thereafter, on May 11, 2000, Marinelli informed the Board of her intent to retire and take advantage of option two. The following day, the Board sent a correspondence to Marinelli, acknowledging receipt of her intent to retire. In a letter dated June 30, 2000, the Board informed Marinelli that it had accepted her retirement on June 12, 2000.
 {¶ 5} On October 26, 2000, the Board sent a letter to Marinelli stating that, as a tutor, she did not qualify for the early retirement benefits. Attached to the letter, was a letter from the Board's attorney, dated June 15, 2000, advising the Board of her opinion that tutors did not qualify for early retirement benefits. Marinelli did not respond to the October letter and retired on January 1, 2001.
 {¶ 6} In April 2001, Marinelli filed a complaint seeking money damages and declaratory relief. She alleged the Board breached an agreement between the parties to allow Marinelli to take advantage of option two of the ERIP. We note that the complaint only alleged that the Board failed to provide benefits under the ERIP, it does not allege that Marinelli has been unable to collect her retirement benefits under the State Teachers Retirement System.
 {¶ 7} The Board filed a motion to dismiss, pursuant to Civ.R. 12(B)(1), asserting that Marinelli failed to exhaust her administrative remedies, including the grievance process. The trial court granted the Board's motion to dismiss.
 {¶ 8} Marinelli timely appealed the judgment of the trial court. She raises the following assignment of error:
 {¶ 9} "The trial court erred by finding that it lacks subject matter jurisdiction in this civil action."
 {¶ 10} A motion for judgment on the pleadings "may be granted where no factual issue exists and the moving party is entitled to judgment as a matter of law."[1] "The trial court is not confined to the allegations of the complaint when determining its subject-matter jurisdiction pursuant to a Civ.R. 12(B)(1) motion to dismiss, and it may consider material pertinent to such inquiry without converting the motion into one for summary judgment."[2] In this action, the Board attached a copy of the CBA to its motion to dismiss.
 {¶ 11} Marinelli asserts two arguments as to why the trial court erred by granting the Board's motion to dismiss. Initially, she contends several claims in her complaint did not allege a breach of the CBA but, rather, of oral and written agreements between herself and the Board. Alternatively, Marinelli argues that she was not required to use the grievance procedure since she was a retiree when her cause of action arose.
 {¶ 12} Courts have held that a party must exhaust the grievance procedure prior to seeking a remedy through the court system.[3] In addition, the CBA defines a grievance as a dispute between the Board and an employee over the interpretation of a provision of the CBA. Further, the CBA provides that the grievance procedure is an employee's exclusive remedy. However, Marinelli asserts that her cause of action did not arise from provisions of the CBA but from independent agreements between the Board and herself. Therefore, she contends that she is not bound by the grievance procedure of the CBA. For the following reasons, we disagree.
 {¶ 13} This action is a dispute over whether Marinelli, as a tutor, was entitled to receive benefits under the ERIP. Marinelli is a member of the MTA and, thus, is bound by the CBA. The ERIP is set forth in article V of the CBA. In addition, the benefits conferred upon tutors are set forth in article VIII of the CBA. Marinelli, a tutor, sought to take advantage of option two of the ERIP. Accordingly, any alleged promises or agreements between Marinelli and the Board were directly related to the provisions of the CBA relating to the ERIP. Specifically, the alleged breach, the October 26, 2000 letter, stated that tutors were not eligible to take advantage of the ERIP. Thus, the trial court did not err by concluding that all matters in this action fell under the umbrella of the CBA.
 {¶ 14} As all of the disputes of this matter were related to the CBA, the trial court did not err by finding that it did not have subject-matter jurisdiction over the action.
 {¶ 15} Alternatively, Marinelli claims she was a retiree when her claim arose and, thus, she was not an employee and not bound by the grievance procedure. Again, we disagree.
 {¶ 16} Marinelli cites several cases in support of her position that retirees are not bound by the grievance procedure.[4] The Board does not dispute Marinelli's argument that retirees are not bound by the grievance procedure. Rather, the Board asserts that Marinelli was an employee at the time the claim arose and, therefore, she was bound by the grievance procedure. We agree.
 {¶ 17} The relevant time to be used when determining whether an individual is an employee or a retiree is the time the incident in question occurred.[5]
 {¶ 18} The body of the October 26, 2000 letter from James Metz to Marinelli stated:
 {¶ 19} "The attached letter was brought to my attention following our conversation regarding the discussion of payment under Article V, Section L 3, Page 51 (Early Retirement Incentive Plan — Option 2). Based upon the opinion of counsel, as outlined, a retiring tutor is not eligible for this particular benefit.
 {¶ 20} "If you have any questions, please contact my office."
 {¶ 21} In Marinelli's complaint, she acknowledges receiving the October 26, 2000 letter. Moreover, the complaint alleges that the letter notified Marinelli that "Defendant would not provide Plaintiff with the rights and benefits set forth in Option 2 of the ERIP * * *."
 {¶ 22} The October 26, 2000 letter was the date of the incident. Marinelli was an employee in October 2000. Therefore, she was bound to exhaust her administrative remedies, including the grievance procedure, prior to seeking a remedy in the court system.
 {¶ 23} Moreover, the grievance procedure of the CBA outlines the steps for filing a grievance and states, in part:
 {¶ 24} "An employee seeking to initiate steps under this procedure shall, within twenty (20) working days of the time the grievant knew orshould have known of the occurrence which constitutes the basis for the grievance, inform his/her immediate supervisor in writing on the specified form of the nature of and basis for the grievance and the adjustments which he/she seeks." (Emphasis added.)
 {¶ 25} The CBA clearly states that Marinelli had twenty working days from the time she knew or should have known of the dispute to file a grievance. The October letter from the Board, which was addressed solely to Marinelli, informed her that tutors do not qualify for the ERIP. Based on this letter, Marinelli, as a tutor, knew, or should have known, that she would not receive the ERIP benefits upon retirement. If she wished to challenge the Board's interpretation of the applicability of the ERIP benefits to tutors, she needed to file a grievance in accordance with the procedure set forth in the CBA.
 {¶ 26} The trial court did not err in finding that Marinelli was an employee at the time the incident occurred and, thus, was bound by the grievance procedure.
 {¶ 27} Marinelli's assignment of error is without merit.
 {¶ 28} The judgment of the trial court is affirmed.
Judgment affirmed.
JUDITH A. CHRISTLEY and CYNTHIA WESTCOTT RICE, JJ., concur.
[1] Adams v. Willoughby (1994), 99 Ohio App.3d 367, 369, citing Stateex rel. Pirman v. Money (1994), 60 Ohio St.3d 591, 593.
[2] Southgate Dev. Corp. v. Columbia Gas Transm. Corp. (1976),48 Ohio St.2d 211, paragraph one of the syllabus.
[3] See, e.g. Bryant v. Witkosky (Mar. 29, 2002), 11th Dist. No. 2001-P-0047, 2002 Ohio App. LEXIS 1499, at * 5, citing Mayfield Hts. FireFighters Assn., Local 1500, I.A.F.F. v. DeJohn (1993), 87 Ohio App.3d 358,362.
[4] See Independence Fire Fighters Assn. v. Independence (1997),121 Ohio App.3d 716; Rutledge v. Dayton Malleable, Inc. (1984),20 Ohio App.3d 229.
[5] Independence Fire Fighters Assn. v. Independence,121 Ohio App.3d at 721.